UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**WILMA KING,** and
**ERICA SOAN,**

        Plaintiffs,

**v.**

**VS CARE, INC,** d/b/a **AMBROSIA VILLA,**
**AV ROCHESTER HILLS, INC, DBA**
**AMBROSIA VILLA ROCHESTER HILLS,**
**A.V. BLOOMFIELD, INC,** d/b/a
**AMBROSIA VILLA BLOOMFIELD TWSP.,**
and **VICTORIA SVET,**

        Defendants.

Case No.

Hon.

**GOLD STAR LAW, P.C.**
**Caitlin E. Malhiot (P76606)**
**Maia Johnson Braun (P40533)**
Attorneys for Plaintiff
2701 Troy Center Dr., Ste. 400
Troy, Michigan 48084
(248) 275-5200
*cmalhiot@goldstarlaw.com*
*mjohnson@goldstarlaw.com*

## COMPLAINT

Plaintiffs, Wilma King and Erica Soan, through their attorneys, Gold Star Law, P.C., for their Complaint state:

**PARTIES, JURISDICTION AND VENUE**

1. Plaintiff Wilma King ("King") is an individual who resides in Waterford, Oakland County, Michigan.

2. Plaintiff Erica Soan ("Soan") is an individual who resides in Clinton Township, Macomb County, Michigan.

3. Defendant VS Care, Inc, d/b/a Ambrosia Villa, ("VS Care") is a Michigan corporation with its registered office in Madison Heights, Oakland County, Michigan.

4. Defendant AV Rochester Hills, Inc. DBA Ambrosia Villa Rochester Hills ("AV Rochester") is a Michigan corporation with its registered address in Madison Heights, Oakland County, Michigan.

5. Defendant A.V. Bloomfield, Inc., d/b/a Ambrosia Villa Bloomfield Twsp. ("AV Bloomfield") is a Michigan corporation with its registered address in Madison Heights, Oakland County, Michigan.

6. Defendant Victoria Svet ("Svet") conducts business in Oakland County, Michigan.

7. Defendant Svet is the president, treasurer, secretary, director, and resident agent, of VS Care, AV Rochester, and AV Bloomfield.

8. The three above-named Defendant corporations have the same registered address at 27136 Delton St. Madison Heights, Michigan.

9. The wrongful conduct of the Defendants alleged herein occurred in Oakland County, Michigan.

10. Defendants' business operations are an enterprise engaged in interstate commerce as defined by the FLSA and have revenues in excess of $500,000 per year.

11. This action arises under the Fair Labor Standards Act of 1938 ("FSLA") 29 U.S.C. 201, et seq., and the Michigan Workforce Opportunity Wage Act of 2014, including the Improved Workforce Opportunity Wage Act of 2018, ("WOWA") and jurisdiction of this Court in invoked pursuant to 28 U.S.C. 1331 and 28 U.S.C. 1367(b).

12. Defendants reside within the judicial district, and venue is proper in this Court pursuant to 28 USC 1391(b).

## FACTUAL ALLEGATIONS

13. Defendants are engaged in the operation of adult foster care homes for persons who, because of age or infirmity, are unable to care for themselves.

14. The corporate Defendants share common ownership and management.

15. Plaintiff King was employed by Defendants as a Caregiver from approximately April 2016 until approximately July 4, 2019.

16. Plaintiff Soan was employed by Defendant as a Caregiver from approximately December 2018 until on or about February 25, 2020.

17. At all times during her employment with Defendants, Plaintiffs have maintained their own residences, separate from any of Defendants' facilities, at which they reside, pay utilities, maintain a legal address, and keep their belongings.

18. Plaintiffs were paid a set rate for each 24-hour shift that they worked. The amount paid for each 24-hour shift equated to less than minimum wage.

19. While working a 24-hour shift, Plaintiffs were charged with the care of several individuals with varying sleep and medication schedules, and Plaintiffs were not able to get five uninterrupted hours of sleep per night every night.

20. If Plaintiffs were able to sleep at all during their shifts, they had to remain alert and aware of the nightly activities of the residents in the facility in which they worked.

21. Plaintiffs informed Defendants of their inability to sleep during their shifts.

22. Defendants were on notice that Plaintiffs were not able to get at least 5 uninterrupted hours of sleeping during a 24-hour shift.

23. Plaintiffs were not paid for all hours worked for Defendants.

24. Plaintiffs were paid less than minimum wage for all hours worked for Defendants.

25. Plaintiffs regularly worked more than 40 hour per week.

26. Plaintiffs were not paid at a rate of at least one and one-half times their regular rate of pay for hours worked in excess of 40 per week.

27. Defendants' method of paying Plaintiffs in violation of the FLSA was willful and not based on a good faith and reasonable belief that its conduct complied with the FLSA.

## COUNT I-
## FAILURE TO PAY OVERTIME IN VIOLATION
## OF THE FAIR LABOR STANDARDS ACT OF 1938

28. Plaintiffs incorporate the allegations in the foregoing paragraphs as if fully stated herein.

29. Defendants are "employers" within the coverage of the FLSA.

30. Plaintiffs are "employees" within the coverage of the FLSA.

31. Pursuant to Section 207 of the FLSA, Defendants were required to pay Plaintiffs at least minimum wage for all hours worked.

32. Pursuant to Section 207 of the FLSA, Defendants were required to pay Plaintiffs at least 1 ½ times their regular rate of pay for hours worked in excess of 40 per week.

33. Defendants failed to compensate Plaintiffs for all hours worked, in violation of FLSA.

34. Defendants failed to compensate Plaintiffs at a rate of at least 1 ½ times their regular rate of pay for hours worked in excess of 40 per week, in violation of the FLSA.

35. Defendants' failure to pay minimum wage and overtime compensation in violation of the FLSA is willful, with knowledge or reckless disregard of the statutory requirements.

36. Pursuant to Section 216(b) of the FLSA, Defendants are liable to Plaintiffs for unpaid wages and overtime compensation, plus an additional equal amount as liquidated damage, together with cost and reasonable attorney's fees.

## COUNT II - VIOLATION OF THE WORKFORCE OPPORTUNITY WAGE ACT

37. Plaintiffs incorporate the allegations in the foregoing paragraphs of this Complaint as if fully stated herein.

38. Plaintiffs are "employees" within the coverage of WOWA.

39. Defendants are "employers" within the coverage of WOWA.

40. Pursuant to the WOWA, Defendants are required to pay Plaintiffs at a rate of 1 ½ times their regular rate of pay for all hours worked in excess of 40 hours per week.

41. Defendants failed to pay Plaintiffs at least 1 ½ times their regular rate of pay for all hours worked in excess of 40 hours per week, in violation of Section 4a of the WOWA.

42. Pursuant to Section 9 of the WOWA, an employer who violates the WOWA is liable to the employee for the difference between the amount paid to the employee and the amount that, but for the violation, would have been paid, plus an additional equal amount as liquidated damages and reasonable attorney fees.

**WHEREFORE**, Plaintiffs requests that this court enter an award for their favor in the amount of their actual unpaid wages and overtime wages, an equal amount as liquidated damages, plus their cost and reasonable attorney's fees, and such other relief as this Court deems appropriate.

Respectfully submitted,

**GOLD STAR LAW, P.C.**

*/s/ Caitlin E. Malhiot*
**Caitlin E. Malhiot (P76606)**
**Maia Johnson Braun (P40533)**
Attorneys for Plaintiff
2701 Troy Center Dr., Ste. 400
Troy, Michigan 48084
(248) 275-5200
*cmalhiot@goldstarlaw.com*
*mjohnson@goldstarlaw.com*

Dated: April 30, 2020